UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| JAIME HERNANDEZ | : | CIVIL ACTION NO. 2:17-cv-215 |
| DOC #609464 | | SECTION P |
| VERSUS | : | UNASSIGNED DISTRICT JUDGE |
| JASON ASH, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Jaime Hernandez ("Hernandez"). Hernandez is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at Dixon Correctional Institute in Jackson, Louisiana. However, he complains about events that occurred when he was incarcerated Allen Correctional Center ("ALC") in Kinder, Louisiana. Hernandez names the following ALC personnel as defendants herein: Lieutenant Ash, Captain Clark, Warden Keith Cooley, Medical Director Justin DeVille, and Allen Correctional Center.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### I.
#### BACKGROUND

Hernandez claims that on January 11, 2016, a sex offender was scheduled to be placed in his cell. Doc. 1, p. 3. Hernandez alleges that this put him "in a very undesirable position" as he is a victim of sexual assault. *Id.* He states that the guard on duty at the time would not listen to his arguments, and that the guard and Lieutenant Ash questioned his reasoning to either move him

to another cell or "contact P.R.E.A."[1] *Id.* Hernandez contends that Lieutenant Ash called him to his cell bars to be restrained but that Ash instead opened the cell door prior to restraining him. *Id.* Hernandez claims that he stepped out of his cell and faced the wall in order to be restrained but that Lieutenant Ash told him to "go back into the cell verbally refused to be housed in a cell with a sex offender." *Id.* Hernandez states he explained to Lieutenant Ash that he had "H.I.V., HEP-C, and Asthema [*sic*]" but was still sprayed with two to four ounces of a chemical agent. *Id.*

Hernandez contends that Lieutenant Ash reported that Hernandez was in direct violation of Rule No. 3-Defiance as well as Rule No. 30c-General Prohibited Behavior. *Id.* Hernandez states that he was then taken to the infirmary for treatment of an eye injury "attained from the use of physical force" by Lieutenant Ash. *Id.*

As relief, Hernandez seeks "monetary damages" and "a day in court to express the pain and danger of my life these people almost cost me." *Id.* at 4.

## II.
## APPLICABLE LAW

### A. *Frivolity Review*

Hernandez has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. This Act directs a district court to dismiss an action if the court determines that it is frivolous or malicious or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). When

---

[1] PREA is the Prison Rape Elimination Act.

determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell,* 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B. *42 U.S.C. § 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, the initial question is whether a plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle a plaintiff to relief. In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *West v. Atkin*, 108 S. Ct. 2250, 2254-55 (1988).

### C. *Rule 8 Considerations*

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as a defendant. This conclusion must be supported by specific factual allegations. Thus, Hernandez should amend his complaint to state, as clearly as possible:

> (1) a description of what **each named defendant** did to violate his rights;
> 
> (2) the place and date that each event occurred;
> 
> (3) a description of the alleged injury sustained as a result of the alleged violation. This description should provide sufficient detail to enable the court to determine the seriousness of the injury, if any, he alleges he sustained;
> 
> (4) a description of all medical treatment he received as a result of this incident. This should include dates of such treatment, names of the

>medical providers, and any diagnosis received by him relating to his alleged injuries;

>(5) for what damages does he seek the requested award of monetary damages (i.e. Hernandez should explain to the court, in his own words, the basis for which he seeks the damages);

>(6) documentation showing all grievances and responses thereto filed by him regarding his claims herein; and

>(7) a copy of the disciplinary report filed regarding this matter as well as the disciplinary hearing officer's findings and any appeals and rulings related thereto. Hernandez should also include all supporting documentation concerning the report, hearing, and appeals.

### D. Theories of the Complaint

Hernandez's complaint must provide the factual elements listed above as well as reflect the legal considerations applicable to each theory of recovery.

#### 1. Use of Force

To the extent that Hernandez is alleging excess force by Lieutenant Ash, he must be aware that the use of force may sometimes be justified in a prison setting. Not every malevolent touch, push, or shove by a prison guard gives rise to a federal cause of action. *Hudson v. McMillian*, 112 S. Ct. 995, 1000 (1992). Prison officers "may have to act quickly and decisively. Accordingly, they are entitled to wide-ranging deference." *Baldwin v. Stadler*, 137 F.3d 836, 840 (5th Cir. 1998) (internal citations omitted). Further, in order to show that his constitutional rights were violated by the use of force by the prison officials, a plaintiff needs to show that the force was not used in a "good faith effort to maintain or restore discipline" but rather was administered "maliciously and sadistically" in order to cause harm. *Hudson,* 112 S. Ct. at 998. In determining whether the force administered is within constitutional parameters, the Fifth Circuit instructs lower courts to consider such factors as "the need for application of the force, the relationship between that need and the amount of force used, the threat reasonable perceived by the responsible officials, and any efforts made to temper the severity of the forceful response." *Id.* at 999 (internal citations omitted).

Further, a plaintiff must demonstrate that the injury that he alleges to have sustained as a result of the excessive force was more than a *de minimis* physical injury, but "there is no categorical requirement that the physical injury be significant, serious, or more than minor." *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999). In the present case, Hernandez states that he was treated for an eye injury presumably caused by the chemical agent allegedly used by Lieutenant Ash. In *Bradshaw v. Unknown Lieutenant*, 48 F. App'x 106, 2002 WL 31017404, at *1 (5th Cir. 2002), an inmate alleged that he was sprayed with mace when he refused to accept his new cell assignment because he did not want to live with a white inmate. The Court found that the inmate's allegations of "burning eyes and skin for approximately 24 hours, twitching of his eyes, blurred vision, irritation of his nose and throat, blistering of his skin, rapid heartbeat, mental anguish, shock and fear as a result of the use of mace" did not show that he suffered more than a "*de minimis* injury." *Id.*

Hernandez's complaint fails to establish the requisites needed to satisfy an excessive force claim, and he should amend his complaint to cure the defects noted or delete the claim.

### *2. Heck Considerations*

Hernandez indicates that a disciplinary report was issued following the incident in question; however, he does not state the findings of the disciplinary hearing officer. If he was convicted of disciplinary rules violations, or criminal charges, as a result of this incident, his claims *may* be barred if the disciplinary or criminal convictions have not yet been overturned or called into question. *See Heck v. Humphrey*, 114 S. Ct. 2364 (1994); *Edwards v. Balisok*, 117 S. Ct. 1584, 1587 (1997) (A conviction for purposes of the *Heck* analysis includes a ruling in a prison disciplinary proceeding.); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (applying Heck holding to a disciplinary conviction); *Robinson v. Allen*, 673 Fed, Appx. 434, 435 (5th Cir. 2017). In *Heck*, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

114 S. Ct. at 2372 (footnotes omitted).

Hernandez should inform the court of any disciplinary actions resulting from the incident in question, including the status of the actions. He should also provide copies of the documents associated with any disciplinary or criminal proceedings related to this incident.

### 3. *Improper Party—Allen Correctional Center*

The Federal Rules of Civil Procedure provide that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." FED. R. CIV. P. 17(b). Thus, Louisiana law governs whether the named entity has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE ANN. art. 24. "It is well established that a detention center is not a legal entity capable of being sued." *Robertson v. Detention Center Claiborne Parish*, 2009 WL 3241561, at *1 (W.D. La. Sept. 30, 2009). Further, ALC is a division of the Department of Public Safety and Corrections. "The DOC is a department within the Louisiana state government. La. Rev. Stat. Ann. § 36:401. [T]he DOC is considered an arm of the state since any judgment against it or its subdivisions necessarily would be paid from state funds. Therefore, suit against the DOC and [Washington Correctional Institute] is suit against the

State of Louisiana, which is prohibited by the Eleventh Amendment." *Luc v. Louisiana DPS & C*, No. 05-cv-4036, 2006 WL 1984634, at *4 (E.D. La. June 15, 2006) (internal citations omitted). Hernandez's suit against ALC therefore fails to state a claim upon which relief can be granted and he should dismiss his claims against it.

### *4. Supervisory Liability*

Hernandez has not stated a viable claim against Warden Cooley. It is clear that this party is named in his supervisory capacity, and it is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Brown v. Bolin*, 500 F. App'x 309, 314 (5th Cir. 2012) (citing *Cozzo v. Tangipahoa Parish Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Hernandez has named Warden Cooley as a defendant but has not alleged personal involvement or that he implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.

Hernandez should amend his complaint to either demonstrate liability on the part of this defendant or he should dismiss his claims against him.

### *5. Captain Clark and Medical Director Justin DeVille*

Hernandez does not allege constitutional violations on the part of the above defendants. In fact, other than listing them as parties to the suit, neither Captain Clark nor Medical Director DeVille are referred to in the complaint. Hernandez should amend his complaint to sufficiently support his claims against these parties or dismiss same.

## III.
### CONCLUSION

Hernandez's *pro se* complaint is deficient in a number of respects as discussed above. Before this court determines the proper disposition of his claims, he should be given the opportunity to remedy the deficiencies of his complaint or dismiss those claims that he cannot remedy. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Accordingly;

**THE CLERK IS DIRECTED** to serve Hernandez with a copy of this order.

**IT IS ORDERED** that Hernandez amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and dismiss the claims he is unable to cure through amendment.

Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Hernandez is further required to notify the court of any change in his address under LR 41.3.

THUS DONE AND SIGNED in Chambers this 19th day of October, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE